**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMUTAL MALUDIN SITORUS, | Nos. 06-74209 and 07-71233 |
| Petitioner, | Agency No. A78-020-370 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2011
Pasadena California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

Humutal Sitorus ("Sitorus") petitions this Court for review of: (1) the Board

of Immigration Appeals's ("BIA") denial of his application for withholding of

removal and Convention Against Torture ("CAT") relief; and (2) the BIA's denial

of his motion to reopen due to ineffective assistance of counsel. The BIA affirmed

the Immigration Judge's ("IJ") denial of withholding of removal and CAT relief on

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the basis of an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant Sitorus's petition as to withholding of removal and relief under CAT and remand to the BIA to determine whether Sitorus, now considered credible, has established eligibility for withholding of removal and CAT relief. Because we remand to the agency for further proceedings, we need not address the motion to reopen.

We first find that Sitorus sufficiently raised the adverse credibility issue to the BIA. "When a petitioner files no brief and relies entirely on the notice of appeal to make an immigration argument, as he may do before the BIA, *see* 8 C.F.R. § 1003.38(f), then the notice of appeal serves in lieu of a brief, and he will be deemed to have exhausted all issues raised therein." *Abebe v. Gonzales*, 554 F.3d 1203, 1208 (9th Cir. 2009). Sitorus's notice of appeal to the BIA alleged that the IJ erred in making the adverse credibility finding. The statements in the notice "[were] sufficient to put the BIA on notice [that Sitorus was challenging the adverse credibility finding] . . . and the agency had an opportunity to pass on this issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) (holding that the petitioner's request to reverse the IJ's denial of relief under the Convention Against Torture sufficiently "raised the issue of Convention relief before the BIA,

2

and our precedent requires nothing more"). Thus, we have jurisdiction to review this issue.

We review adverse credibility determinations for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (citations omitted). Under this standard, the BIA's determinations are to be upheld if they are supported by "reasonable, substantial and probative evidence" in the record. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006) (citations omitted). However, "the BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (reversing negative credibility finding because applicant was denied a reasonable opportunity to explain a perceived inconsistency).

In this case, the IJ provided no such opportunity for Mr. Sitorus to explain perceived inconsistencies in his statements. As to each of the inconsistencies he found in the record, the IJ failed to question Mr. Sitorus and allow him to clarify his testimony. *See id.* at 618 ("The IJ did not question her further concerning her failure to request permission to become pregnant. Instead, he moved on to another subject, leaving this court to speculate whether Mrs. Chen did not fully understand the nature of the question due to the difficulties of translation, or whether she had

feared that a fine would be assessed immediately, or worse, that she would have been required to abort her child.")  "The IJ's doubt about the veracity of [his] story, therefore, cannot serve as a basis for the denial of [his claims]." *Id.*

Because the IJ failed to provide Sitorus an opportunity to explain his allegedly inconsistent statements, we reverse the adverse credibility determination and remand to the agency to determine whether Sitorus, now considered credible, has established eligibility for withholding of removal and CAT relief.

Petition for review **GRANTED** and **REMANDED** to the BIA for further proceedings.